Stephens vs. Brooks.

2bu137
108  494

CASE 32—PETITION ORDINARY—JUNE 29.

## Stephens vs. Brooks.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. Where there is any evidence conducing to show a right of recovery, the weight of which, it was the province of the jury and not of the court to determine, a peremptory instruction to the jury to find for the defendant is error.

2. If a fugitive criminal, for whose arrest the Governor has offered a reward, is arrested by one, and the reward is received by another, an action is maintainable by the person who made the arrest for the recovery of the reward so received.

T. N. LINDSEY,                                    For Appellant.

JOHN M. HARLAN,                                  For Appellee,

CITED—

*Chap.* 16, *Rev. Stat., vol.* 1, *pp.* 240–1.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Logan Sigmun, being indicted in the Rockcastle circuit court for murder, the Governor of this State, by his proclamation, offered a reward of two hundred and fifty dollars for his apprehension and delivery to the jailer of Rockcastle county. He was afterwards arrested near the city of Lexington and placed in jail, and shortly afterwards, by order of two justices of Fayette county, was delivered to the appellee, Brooks, at Lexington, to be delivered by him to the jailer of Rockcastle—Brooks, at the time, being a deputy sheriff of Rockcastle county. The prisoner having been taken by Brooks to Rockcastle and delivered to the jailer of that county, the following

order was subsequently made by the Rockcastle circuit court:

"William A. Brooks produced to the court an account against the Commonwealth for the apprehending of Logan Sigmun, for the murder of Dock Hickenbotham, amounting to two hundred and fifty dollars, the reward offered by the Governor, which was supported by the affidavit of James S. Fish, John A. Mann, certified by the jailer, and sworn to by said Brooks. It is therefore ordered by the court that the said Brooks be allowed the sum aforesaid for the apprehending and delivery of said Sigmun to the jailer of Rockcastle county, which is ordered to be certified to the Auditor for payment."

The appellee having received the two hundred and fifty dollars as allowed to him, the appellant, Stephens, brought this action to recover the money, alleging that he in fact apprehended Sigmun, and was entitled to the reward which the defendant received as for his use.

It was not claimed by the appellee, in his defense, that he apprehended Sigmun, or was entitled to the reward; but that two men, named Allen and Walden, at whose instance he saw Sigmun at Lexington and identified him as the person for whom the reward was offered, delivered the prisoner to him to be taken to Rockcastle, claiming at the time to have arrested him; and that said order of allowance was afterwards made at their instance in his name, because he delivered the prisoner to the jailer, and, supposing them entitled to the reward, he accepted it for their benefit, and paid it over to them, except a small sum retained for his trouble and expenses paid in conveying the prisoner to Rockcastle county.

It was not proved on the trial that Allen and Walden either arrested Sigmun or caused it to be done; but the proof conduces to show that the pursuit, resulting in the

arrest of Sigmun, was caused by information communicated by John Warmack to the city marshal, and perhaps to others; and Sigmun having fled, pursued by many citizens of Lexington, was arrested by the appellant while attempting to escape or conceal himself in an orchard near the limits of the city. There is proof also conducing to show that the custody of Sigmun remained with the appellant and the jailer, to whom he delivered him, till the order was made by the justices committing the custody of the prisoner to Brooks with the assent of the appellant.

The court gave the jury a peremptory instruction to find for the defendant, and a verdict and judgment were rendered accordingly; and a motion for a new trial being overruled, Stephens has appealed to this court.

As there is no proof of the alleged agency of Allen and Walden in making the arrest or identification of Sigmun, or of the payment of the money by the appellee to them, the propriety of the peremptory instruction given must be considered alone with a view to the relative rights of the parties themselves, as admitted by the pleadings and disclosed by the evidence.

The *Revised Statutes, chapter* 16, *article* 1, *sections* 1 *and* 5, *volume* 1, *page* 241, provide that "the reward offered by the Governor of this State, not exceeding five hundred dollars, for the apprehending and the delivery into the custody of the proper officer named in the proclamation a fugitive from the justice of this Commonwealth, upon the production of the officer's receipt of the fugitive, approved and certified by the circuit court of the county of his residence, shall be paid by the Treasurer to the persons entitled to the same."

It is insisted for the appellee that there was no evidence conducing to show that the appellant was entitled to the

reward agreeably to the Governor's proclamation and the provisions of the statute, because, conceding the arrest to have been made by him, he did not himself deliver the prisoner to the jailer of Rockcastle county; nor, as is contended, did he so make the delivery by an agent.

We think a fair and liberal construction of the statute is especially required by the beneficial objects of its enactment, and that, generally, a substantial compliance with its requirements in apprehending a fugitive criminal and bringing him to justice should entitle the party rendering this important and often dangerous service to the reward offered by the Governor in accordance with law; and if, as there is evidence tending to show in this case, the custody of the prisoner after the arrest is changed by the interposition of lawful local authority, or the party making the arrest shall deliver the prisoner to the proper officer by the agency of another, actual or constructive, so that the object of making the arrest is accomplished in bringing the criminal to justice, the party rendering this valuable service to society should receive the reward.

Whether the evidence authorized the jury to find for the plaintiff or not, is not a question now before us for decision; but the question involved in the peremptory instruction given is—was there any evidence conducing to show a right of recovery? We are clearly of the opinion there was such evidence, the weight of which it was the province of the jury and not of the court to determine.

Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.