CASE 66—ACTION FOR MANDAMUS—MAY 16.

## Mosley v. Stone, Auditor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

REWARDS—KILLING OF FUGITIVE IN MAKING ARREST—FAILURE TO DELIVER TO JAILER.

Held: Plaintiff is entitled to a reward offered by the Governor for the arrest of a fugitive and his delivery to the jailer, though in making the arrest he wounded the fugitive so that he died before he could be delivered to the jailer.

J. W. RAY, ATTORNEY FOR APPELLANT.

1. Where performance becomes impossible by reason of the act of *God* or of the law, a party will be excused for non performance. Farmers' Bank v. Johnson, 4 Bush, 411; Belding v. State, 99 Am. Dec., 214; Blake v. Wm. Niles, 38 Am. Dec., 506; People v. Bartlett, 3 Hill, N. Y., 570; Taylor v. Tainter, 83 U. S., 366; Coke Litt., 206, (a).

2. Death or destruction of the subject matter of the contract, excuses a failure to perform. 2 Dana, 248, Keas v. Yewell; Dexter v. Norton, 47 N. Y., 62; Butterfield v. Byran, 158 Mass., 517; Stephens v. Brooks, 2 Bush, 137; Stone v. Dysert, 20 Kan., 123.

3. Appellant in the apprehension and arrest of the fugitive was
   compelled to shoot him in self defense from which he died be-
   fore he could be delivered to the jailer. For this shooting, ap-
   pellant has been acquitted by the law. These facts appearing in
   the record, appellant is entitled to the reward.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

In August, 1898, the Governor of the Commonwealth,
by his proclamation, offered a reward of $150 for the ar-
rest of Howard Clark, he being charged with murder, and
at that time a fugitive from justice, and directed that he
should be delivered to the jailer of Jefferson county. In
October of the same year, the proclamation offering the
reward not having been withdrawn, the appellant was
searching for Clark, and, arriving at a place near by him,
he opened fire upon the appellant, placing his life in peril,
when he, in his necessary self-defense, fired, and fatally
wounded him. Clark lived for a time, but before he could
be delivered to the jailer of Jefferson county he died,
and his remains were delivered to his family, and buried
near Louisville. The appellant presented his claim to the
criminal division of the Jefferson Circuit Court, which
allowed it. The Auditor of Public Accounts refusing to is-
sue to him a voucher for the sum allowed, this action was
instituted to compel him to do so.

Clark's death prevented the appellant from delivering
him to the jailer of Jefferson county. The question here
is, was the reward earned? The appellant performed the
hazardous duty of apprehending the fugitive, which placed
him in a position where, had Clark remained alive, he
could have delivered him to the jailer of Jefferson county.
The object of rewards is to secure the apprehension of
persons charged with public offenses, thus protecting so-
ciety, so far as possible, from the criminal conduct of such

fugitives. It is usually a laborious act to find, and a hazardous one to apprehend, a fugitive. Here the appellant had performed both, and, except for the death of Clark, he would have complied with the Governor's offer according to the letter of the statute. In our opinion, he complied substantially with the Governor's proclamation and the statute. Having done this, the reward offered has been earned. In Stephens v. Brooks, 2 Bush, 140, the court had under consideration a statute substantially the same as the present one, and in discussing the question as to whether the reward had been earned by the party who arrested the fugitive, said: "We think a fair and liberal construction of the statute is especially required by the beneficial objects of its enactment, and that generally a substantial compliance with its requirements in apprehending a fugitive criminal and bringing him to justice should entitle the party rendering this important and often dangerous service to the reward offered by the Governor in accordance with law." The Auditor of Public Accounts should issue his warrant on the Treasurer to the appellant for the sum of $150, the amount of the reward. The judgment is reversed for proceedings consistent with this opinion.