## Collier and Tucker v. Green.

(Decided October 31, 1924.)

### Appeal from Elliott Circuit Court.

1. Rewards—Person Actually Making Arrest, but Placing Prisoner in Wrong Jail, Entitled to Reward.—Under Ky. Stats., section 1932, person who actually made arrest and placed prisoner in jail other than one required by Governor's proclamation was entitled to recover reward from defendant, who delivered fugitive to required jail and wrongfully collected reward from state auditor.

2. Rewards—Officer Acting Outside Line of Duties Entitled to Reward for Arrest of Criminal.—Where public officer acts outside line of his official duties in making arrest, he is entitled to reward under Ky. Stats., section 1932.

3. Rewards—Sheriff and Deputy of Another State Entitled to Reward for Arresting Criminal.—Sheriff and deputy sheriff of another state, arresting fugitive, are entitled to reward offered by Governor under Ky. Stats., section 1932.

REDWINE & REDWINE for appellants.

FRED VINSON and WALTER E. MOBLEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

A demurrer having been sustained to plaintiffs' petition as amended, it was dismissed, and they have appealed.

It is alleged, in substance, that the Governor of Kentucky, by official proclammation, offered a reward of $500.00 for the arrest, delivery to the jailer of Elliott county, and conviction of James Barker, a fugitive from justice, charged with murder; that the plaintiffs are, respectively, the sheriff and deputy sheriff of Wise county,

Virginia; that with knowledge of the proclamation offering a reward for Barker's arrest, and in pursuance thereof, they procured a warrant from a local magistrate charging Barker with being a fugitive from justice, arrested him, and placed him in the Wise county jail; that they then notified the defendant Green of this fact by letter and telegram, under the impression that he was the sheriff of Elliott county, Ky.; that acting upon such advice, and without notice to or authority from them, Green went to the jailer of Wise county, Va., wrongfully induced him to surrender Barker to him, and delivered him to the jailer of Elliott county, obtaining a receipt from the latter showing his delivery of Barker; that Barker was tried and convicted of said charge; that the $500.00 reward then became due plaintiffs, but that Green fraudulently collected it from the state auditor, thereby preventing them from so doing, and refused to pay same to them; that by reason of these facts they were entitled to recover the $500.00 from defendant, less his expenses of $40.00 incurred in delivering Barker to the Elliott county jailer, for which amount they prayed judgment.

The Governor was authorized by section 1932 of the statutes to offer such reward under the circumstances, and construing a like provision in an earlier statute, this court, in Stephens v. Brooks, 2 Bush 137, said:

"We think a fair and liberal construction of the statute is especially required by the beneficial objects of its enactment, and that, generally, a substantial compliance with its requirements in apprehending a fugitive criminal and bringing him to justice should entitle the party rendering this important and often dangerous service to the reward offered by the Governor in accordance with law; and if, as there is evidence tending to show in this case, the custody of the prisoner after the arrest is changed by the interposition of lawful local authority, or the party making the arrest shall deliver the prisoner to the proper officer by the agency of another, actual or constructive, so that the object of making the arrest is accomplished in bringing the criminal to justice, the party rendering this valuable service to society should receive the reward."

Accordingly it was held that the plaintiff in that action, who actually made the arrest and placed the prisoner in a jail other than the one required by the Gover-

nor's proclamation, was entitled to recover the reward from the defendant, who had delivered the fugitive to the required jail and wrongfully collected the reward from the state auditor.

The only difference in the facts of the two cases is, that in that one there was evidence of actual agency, whereas in this case a constructive trust is alleged, which, despite technical differences, is but a constructive agency in so far at least as the duty of accountancy is concerned. That this difference is not material under the construction of the statute quoted above is clear, since it is there said that a recovery may be had if "the party making the arrest shall deliver the prisoner to the proper officer by the agency of another, actual or constructive."

Under somewhat similar circumstances this court, in the case of Heather v. Thompson, 25 Ky. L. R. 1554, likewise construed the statute and permitted a recovery by the plaintiff, who had apprehended and caused the arrest of the fugitive, from the defendant, who under the facts was held to have made the arrest and delivery to the proper jail as the agent of plaintiff.

In Mosley v. Stone, 108 Ky. 492, 56 S. W. 965, this court approved the construction of the involved statute quoted above from Stephens v. Brooks, and held that the plaintiff, who had apprehended and arrested the fugitive, was entitled to collect the reward from the state auditor, although in making the arrest he killed the fugitive, and was thereby prevented from delivering him to the jailer of the specified county.

In Smitha v. Gentry, 20 Ky. L. R. 171, 45 S. W. 515, 42 L. R. A. 302, a right of recovery was denied to the plaintiff from the defendant, who, having obtained information of the whereabouts of the fugitive from the plaintiff by a ruse, arrested and delivered him to the proper authorities. This was upon the ground, however, that the possibility that the plaintiff, who did not make the arrest, would have done so was too remote to be the basis of a cause of action for damages, which not only distinguishes it from this and the other cases cited, but is authority upon its reasoning and by necessary inference that if, as here, the plaintiff had made the arrest, a recovery would have been allowed against one who fraudulently obtained possession of the criminal and delivered him to the proper jailer.

Clearly, upon authority of these cases, the petition here as amended stated a cause of action against the de-

fendant, unless because of the fact that plaintiffs were officers of another state when they made the arrest.

The rule is thoroughly settled in this state and elsewhere that a public officer is not entitled to a reward offered for the apprehension and arrest of a criminal when the service performed is within the scope or line of the duties of such officer. But it is equally well settled that where he acts outside of the line of his official duties in making the arrest, he is entitled to the reward. See text and cases cited in 34. Cyc. 1753, *et seq.* While the cases are not entirely harmonious, the great weight of authority is that a police officer arresting a fugitive from another state for a crime there committed is not acting within the scope or line of his official duties, and may recover the reward. Morrell v. Quarles, 35 Ala. 544; Smith v. Vernon Co., 188 Mo. 501. 87 S. W. 949, 107 A. S. R. 324, 70 L. R. A. 59; Kinn v. Mineral Point, etc., Bank, 118 Wis. 537, 95 N. W. 969, 99 A. S. R. 1012.

We therefore conclude that the court erred in sustaining a demurrer to the petition herein as amended and in dismissing same.

Wherefore an appeal is granted, the judgment is reversed, and the cause remanded for proceedings consistent herewith.