KICK, Respondent, v. MERRY, Appellant.

1. An agreement to reward a public officer, a policeman, for doing that which it is his duty by law to do, is void as against public policy.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit to recover upon a contract, set forth in the petition as follows : " That in consideration that the plaintiff would use his utmost diligence in aiding and assisting to apprehend one G. W. Morrison, charged with the crime of larceny, and aid in bringing him, the said Morrison, to trial, for the said crime, he, said defendant, would give to said plaintiff one half of whatever amount might be recovered from said Morrison, at the suit of the State of Missouri against him, said Morrison, upon said charge of larceny, as aforesaid."

The court below found the following to be the facts proved upon the trial of this cause: " That on or about the 9th day of May, 1854, the defendant was knocked down and robbed of a large amount of money, about $290, by one G. W. Morrison, in the city of St. Louis; that the defendant agreed with the plaintiff, that if he, the plaintiff, would procure the arrest of the said Morrison, and if he, the said Morrison, should be convicted of the robbery, he, plaintiff, should have one half of the money that might be found upon the person of the said Morrison. The plaintiff thereupon set about ferreting out the said

Morrison, and shortly succeeded in arresting him, and found upon his person $215 of the money ; that the said Morrison was convicted of the offence in the St. Louis Criminal Court, and sentenced to the penitentiary, and the said $215 were ordered by the Criminal Court to be delivered by the county marshal to the plaintiff or his representative ; that, at the time he made the arrest, the said plaintiff was acting as, and holding the office of, captain of the day police of the city of St. Louis, receiving a stated salary from said city for his services ; that the defendant did not know the said Morrison, nor his whereabouts at the time of making the agreement as stated ; that he furnished the plaintiff with a description of Morrison's person, who thereupon searched for him, arrested him, and took him to the room of the defendant at the Virginia hotel, who recognized him as the person who had knocked him down, and taken his money ; that he arrested him merely upon the representation and description of the defendant, without any warrant."

The court, on this finding of facts, declared the law to be that the plaintiff is entitled to recover, and that the amount of his recovery ought to be the half of $215, the amount found upon Morrison's person.

Judgment was accordingly given for the plaintiff for $107 50. A motion for a review having been made and overruled, the case is brought to this court by appeal.

*S. A. Bennett*, for appellant.

I. There is a material variance between the contract stated in the petition and that found by the court.

II. The contract stated in the petition, as well as that found, is void, and can not be enforced against the appellant for one or both of two reasons : 1. It is without consideration, being a contract to pay the plaintiff for services which it was his official duty to perform, and for which he was compensated by the city. 2. It is against public policy. (Pool v. City of Boston, 5 Cush. 219 and cases cited.)

III. That it is the duty of police officers to make arrests in many cases without warrants, see State v. Roberts (15 Mo. Rep. 28).

*Hart & Jecko*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This action can not be maintained. It is a principle of the common law that an officer ought not to take money for doing his duty. Hawkins says, "if once it should be allowed that promises to an officer, to pay more for his services than the law allows, could sustain an action, the people would quickly be given to understand how kindly they would be taken, and happy would that man be who could have his business well done without them." (1 Hawk. ch. 68, § 4.) This is an ancient principle, and it has been steadily adhered to as being necessary to save the community from extortion and oppression. Once allow an officer to contract for extra compensation for the discharge of his duty, and bribery would become the means by which alone the laws could be executed. Chancellor Kent says that every seaman is bound, from the nature and terms of his contract, to do his duty in the service, to the utmost of his ability; and therefore, a promise made by a master, when the ship is in distress, to pay extra wages, as an inducement to extraordinary exertion, is illegal and void. (3 Kent's Com. 185.) In the case of Hatch v. Mann, (15 Wend. 44,) the court of errors in New York held, that a constable or other ministerial officer, the fees for whose official services are prescribed by law, can not maintain an action on a promise of extra compensation for extra services, although services beyond what could legally be required are rendered by the officer. In Mitchell v. Vance, (5 Mon. 529,) the court maintained that a bond executed for the purpose of inducing a constable to do that which, by the duties of his office, it was incumbent upon him to do and as such, was not binding. In the case of Calligan v. Hallet, (1 Caine's Reps.) it was held, that a contract with a pilot to assist a ves-

sel in distress, for a certain sum to be paid, is absolutely void. The court observed : "it being made the duty of the pilot to assist the defendant's vessel, it was oppression in them to exact the stipulation in question. It would lead to abuses of the most serious nature, if such contracts, formed on such considerations, were held to be legal." The case of Gilmore v. Lewis, (12 Ohio, 281,) holds : "That it is an indictable offence, in public officers, to exact and receive any thing more, for the performance of their legal duty, than the fees allowed by statute. A promise to pay them extra compensation is absolutely void. A reward offered for the apprehension of a thief, and the recovery of the money stolen, can not be claimed by a constable who arrests the thief by virtue of a warrant delivered to him for that purpose." In the case of Pool v. The City of Boston, the court decided that "a watchman of the city of Boston, who, while in the discharge of his duty, as such, discovers a person setting fire to a building, and prosecutes him to conviction, is not entitled to claim a reward offered by the city government for the detection and conviction of an incendiary.

The ordinance regulating the police department of the city of St. Louis, section 21, prescribes that "the members of the department shall not engage in any business which may withdraw their attention from their police service or unfit them for the duties required of them." The plaintiff was captain of the day guard. It is made the duty of the privates of the police department to obey punctually, and to the best of their ability, the orders of the captains of the city guard. They are required, to the best of their ability, to preserve order, peace and quiet throughout the city. The members of the city guard may enter any house, enclosure or other place, where a breach of the peace or crime, or breach of ordinance, has been or is being committed, and arrest the offender. The arrest, in this case, was lawful, without a warrant. (State v. Roberts, 15 Mo. 28.) The arrest was lawful by the common law, without warrant. Under the circumstances, the officer has no right to in-

sist that he acted as an individual in his private capacity. The case falls within the mischief of the rule of the common law which prohibits an officer from taking a reward as an inducement to do his duty. He received a stated salary for his services. The services rendered were within the duties of his office. All his energies had been devoted to the service of the city. Under such circumstances, to permit an officer to stipulate for extra compensation for services to which the public was entitled, would lead to great corruption and oppression in office. It would follow that whenever a crime was committed, instead of speedy efforts for the arrest of the offender, there would be a holding back, in the hope that there would be a reward given for his apprehension. If once a habit of taking a reward is introduced, nothing will be done unless the service is previously purchased by extra pay. The other judges concurring, the judgment will be reversed.