# CHARES J. CORNWELL, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, March 17, 1903.

1. **Public Officer: REWARD: DEPUTY SHERIFF.** A public officer, such as a deputy sheriff, is not allowed to receive, for performing an official duty, any other compensation than that provided by law.

2. ———: ———: ———. But if an officer performs an act or renders extraordinary services, alike beyond or outside the limit of his ordinary official duty and for which a reward has been offered, he becomes entitled to such additional remuneration and may lawfully make claim thereto without violation of the policy of the law.

3. **Reward, When it can be Collected.** Where an offer of reward is renewed to one who had been a deputy sheriff and the offer is acted upon, it becomes a contract which is executed upon rendition of the services for which the reward is offered, and a substantial performance of the conditions of the reward entitles the claimant to the recompense proffered.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Morton Jourdan* and *George W. Easley* for appellant.

.(1) An agreement to reward a public officer (a policeman) for doing that which it is his duty by law to do, is void as against public policy. "Once allow an officer to contract for extra compensation for the discharge of his duty, and bribery will become the means by which alone the laws, could be executed." Kick v. Merry, 23 Mo. 72. (2) "It is a principle of the common law that an officer ought not to take money for doing his duty. This is an ancient principle, and has been steadily adhered to as being necessary to save the community from extortion and oppression." Thorn-

ton v. Railroad, 42 Mo. 58; Hogan v. Stophlet, 44 L. R. A. 809; Smitha v. Gentry, 42 L. R. A. 302; Lees v. Colgan, 40 L. R. A. 355; Morris v. Kessling, 11 L. R. A. 398.   (3)   Members of a posse, summoned by the sheriff during a strike, are within this rule.   Railroad v. Grafton, 51 Ark. 504; 14 Am. St. Rep. 66.

*Richard A. Jones* for respondent.

(1)   The evidence established that this agreement was made and that the performance on the part of plaintiff occurred after he had ceased to be a member of the sheriff's posse. . And the consideration of such contract was something which in any event he was not obliged to perform and did not constitute any part of his duty as a public officer, and there is no legal reason why such contract ought not to be enforced.   Wood on Master and Servant (2 Ed.), sec. 170, pp. 334, 335; Gregg v. Pierce, 53 Barb. 387; Pilie v. City of New Orleans, 19 La. Ann. 274; Reif v. Page, 55 Wis. 496; Brounenberg v. Coburn, 110 Ind. 174; Press & Mfg. Co. v. Mechanics' Fire Co., 54 Tex. 322; Morris v. Kassling, 11 L. R. A. 399; 21 Am. and Eng. Ency. of Law, vol. 21, p. 400, par. 8.   (2)   The officer had already exercised his judgment and performed his official duty by arresting the offender and the contract afterwards made could not be the inducing cause and so violate any rule of public policy.   School District v. Stocking et al., 37 L. R. A. 406; s. c., 138 Mo. 672.

REYBURN, J.—The facts disclosed by the testimony in this case are that appellant caused to be inserted, on May 24, 1900, in the Globe-Democrat and in the St. Louis Republic, respectively, the following advertisements:

"$250 reward will be paid for the arrest and conviction of any person who may threaten with violence or intimidate or attempt to intimidate any person now employed by the St. Louis Transit Company for the pur-

pose of deterring any such person from continuing in such employment.

"St. Louis Transit Company,

"Edwards Whitaker, President."

"$250 reward will be paid for the arrest and conviction of any person who may throw any missles at any car or any person engaged in the service of the St. Louis Transit Company.

"St. Louis Transit Company,

"Edwards Whitaker, President."

In June, 1900, respondent, then a member of the sheriff's posse commitatus, together with S. G. Burr, arrested one Thomas Daly, in the city of St. Louis, for shooting at a car of the Transit Company and had him locked up in the Four Courts. Respondent then swore out a warrant against him in the court of criminal correction. Afterwards respondent proceeded to the office of the president of the appellant and was referred to the office of Boyle, Priest & Lehmann, and by Lehmann again referred to Morton Jourdan, and accordingly accompanied by Burr, Cornwell called at the office of Jourdan, whom they informed of the arrest of Daly and that a warrant had been issued against him for shooting at a car, and inquired if they convicted him if they would be entitled to a reward, and Jourdan replied they would, and that they would be only too glad to pay the reward, but what they wanted above all things was the conviction. A day or two later respondent was discharged from the posse and appeared at the court of criminal correction at the trial of Daly, which resulted in his conviction. He then reported to Jourdan, that with the testimony of Burr and himself, he had secured a conviction of Daly, but Jourdan said he could do nothing until they exhibited to him a certified copy of the conviction, which they obtained at their expense and submitted, and after inspecting it Jourdan said: "Well, now, gentlemen, you understand this is a partial conviction, that the man has one of two courses to pursue:

first, to ask for a new trial, and, second, to go into the Court of Appeals. I have not time to-day, but if you will meet me to-morrow at some hour in the morning, I will look that up for you when I am up there and if he does not do either one, we will pay the reward the next morning.''

Respondent, Burr and Jourdan met the day following at the court of criminal correction, and Jourdan stated to them that Daly had asked for a new trial and had changed attorneys and said further: ''Well, my advice to you is to employ an attorney now to look after your case, from the fact that he has one of the best criminal lawyers in St. Louis.''

Respondent then tendered employment to Jourdan which he declined, stating that if they employed an attorney and finally convicted the man, they would pay the reward.

Respondent and Burr, acting upon this advice, employed counsel to look after the case and paid ten dollars filing fee in the proceeding against Daly, which had been appealed to the St. Louis Court of Appeals, and afterwards a motion to dismiss the appeal prepared by counsel employed by respondent was sustained and the conviction made final.

It appeared from the testimony of the president of appellant that Boyle, Priest & Lehmann were general counsel for the Transit Company and Jourdan was employed as counsel in special cases, particularly those relating to the strike at the time, and that the advertisements offering reward were inserted in the newspapers by authority of appellant's officers and board of directors.

Plaintiff, first taking an assignment from Burr of all his interest, began this action before a justice of the peace, filing a written complaint upon which trial was had in the circuit court on appeal, and at the close of the case the court at the instance of appellant, instructed the jury that under the law and the evidence

plaintiff was not entitled to recover and directed a verdict for defendant; plaintiff's motion for new trial was sustained on the ground that the court erred in giving the imperative instruction and appellant has appealed from this ruling.

Plaintiff, as a member of the posse, at the time he made the arrest, was a conservator of the peace (R. S. 1899, sec. 6219) and therein was merely discharging his duty as such deputy and temporary officer and would have been debarred from recovering any reward for the performance of such official obligation, for a public officer is not allowed to receive, for performing an official duty, any other compensation than that provided by law.  Public policy forbids an officer from claiming a reward for performance of any act which is by law made part of his duty, but if an officer performs an act or renders extraordinary services, alike beyond and outside the limit of his ordinary official duty and for which a reward has been offered, he becomes entitled to such additional remuneration and may lawfully make claim thereto without violation of the policy of the law. Wood on Master and Servant (2 Ed.), sec. 170; Gregg v. Pierce, 53 Barb. 387; Reif v. Page, 55 Wis. 496; Morris v. Kassling, 11 L. R. A. 399; Brouenberg v. Coburn, 110 Ind. 174; Thornton v. Railroad, 42 Mo. 58; Hogan v. Stophlet, 179 Ill. 150; Smitha v. Gentry, 42 L. R. A. 302; Lees v. Colgan, 40 L. R. A. 355; St. Louis etc., Ry. Co. v. Grafton, 51 Ark. 504.

Respondent was discharged as a member of the posse shortly after the arrest and for discharging this duty, regardless of how faithfully it may have been performed, he was not entitled to claim the reward. After his term as deputy was brought to an end, any duties or disabilities as an officer likewise ended and he resumed his status as a private citizen.  The offer of the reward was repeated and renewed to him after the fulfillment of his official obligations and after he had ceased to be an officer and when such reward could

be no inducement to the performance of any act required of him by law. Relying upon the assurance and promise of the special agent of defendant entrusted with the management of the difficulties growing out of the strike and acting upon the recommendation of this agent, without any legal duty on his part, respondent in his private character rendered the service for which the general reward had been offered, and by the expenditure of his own fund in employing counsel and for payment of court costs completed and made final the conviction of the offender. The offer of the reward when acted upon became a contract, which was executed upon rendition of the service by respondent and the substantial performance of the conditions and entitled him to the recompense proffered, the inducement and consideration moving him. Reif v. Page, supra; Wood, Master and Servant, sec. 165, p. 323.

The action of the trial court in sustaining plaintiff's motion for a new trial will be sustained.

The judgment is affirmed. All concur.