# CORNWELL, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, March 15, 1904.

1. **AGENCY: Attorney's Authority.** Where an attorney of a street railway company was entrusted with plenary power to handle matters arising during a strike, such as the prosecution of offenders who should molest employees or interfere with the running of its cars, the question of whether he had authority to offer a reward for the· conviction of one arrested for firing shots at a moving car, was properly submitted to the jury.

2. **REWARD: Officer.** While an officer can not claim a reward offered for the arrest of a criminal whom it is his official duty to arrest, nevertheless, a member of a posse, who has arrested a criminal in the discharge of his duty, may recover a reward for the conviction of such criminal, where ·the defendant agreed to pay him such reward after his term of office expired, and he expended further effort and money to secure such conviction.

3. **PRACTICE: Instructions on all Issues.** In a civil case, the failure of the trial court to instruct upon all the issues presented is not error, unless the complaining party has requested instructions upon them.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. R. Kinealy*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *George W. Easley* for appellant.

(1) There being no evidence whatever to show that Jourdan had any authority to contract for the payment of rewards, the defendant's demurrer to the evidence should have been sustained. Houghton v. Ellis, 73 Pac. (Colo.) 752; Weeks on Attys. (2 Ed.), secs. 215-219.

(2)  The instruction given for plaintiff does not submit
to the jury the questions of fact that, under any view,
arose in the case.  They are:  Did Jourdan promise
and agree to pay the reward after plaintiff had been
discharged from the posse if he would secure the final
conviction of Daly?  Had Jourdan any power or au-
thority to so contract on behalf of defendant?  It is
clear that the plaintiff could not recover unless the de-
fendant contracted to pay after plaintiff ceased to be a
member of the posse.  Cornwell v. St. Louis Transit
Co., 73 S. W. 305.  (3)  Every new agreement entered
into for the purpose of carrying into effect any of the
unexecuted provisions of a previous illegal contract is
void.  Coneter v. Robinson, 14 S. & M. (Miss.) 18.  Any
subsequent contract which carries into effect an original
illegal contract is itself illegal.  Adams v. Bowen, 8 S.
& M. (Miss.) 624.  (4)  Where a suit is brought to re-
cover for services, part of which is illegal, there can
be no recovery, however small the illegal part may be.
Bixby v. Moore, 51 N. H. 420; Sullivan v. Horgan, 17
R. I. 109; 20 Atl. 232; Pool v. City of Boston, 5 Cush.
219.  Here the arrest and conviction, made and secured
while plaintiff was in office and not entitled to receive
the reward, are so intermingled, connected and inter-
woven with the alleged new contract as to make them
inseparable, and not the subact of apportionment, and
the whole contract, old and new alike, is illegal.

*Richard A. Jones* for respondent.

(1)  The point made by appellant that respondent,
at the time he aided in taking Daly in charge and con-
veying him to the city jail, was a police officer, paid for
such services by the public and so was not within the
terms of the offer of reward made by appellant, was
not brought to the attention of the trial court in any
appropriate manner.  (2)  An exception can not be
predicated upon mere non-direction concerning a matter

to which the court's attention was not specifically challenged at trial. Feary v. O'Neal, 149 Mo. 477; Wheeler v. Bowles, 163 Mo. 409. (3) Where a case originates in justice court, and no pleading is filed on the part of defendant, it is the duty of defendant on trial in the circuit court to present its claims as to the legal deductions to be drawn from the evidence by appropriate instructions, and in case this is not done, even though usury or any other matter may appear from the evidence which would justify a finding against a transaction, still the court is not bound to instruct on such proposition in trial by jury, nor in trial by the court, to consider it in its findings unless requested to do so. Wickersham v. Jarvis, 2 Mo. App. 279; More v. Climer, 12 Mo. App. 19; Schell v. Loan & Savings Association, 150 Mo. 164.

REYBURN, J.—This case in the array of facts established at its retrial, presents an aspect only varied by the testimony of Morton Jourdan, who was examined by defendant and whose testimony contradicts, in certain particulars, the version of the interviews had with him by plaintiff. This witness deposed that plaintiff and his companion had called three times, that the witness was employed by defendant during the strike of its operatives in the capacity of counsel, especially in criminal matters, both in the defense of employees and in the prosecution of persons who interfered with the property of defendant, delayed the movements or obstructed the operation of its cars and the like, but solely in the relation of an attorney; that in such capacity he furnished bond for employees of defendant arrested, employed attorneys in their defense, aided the police department and sheriff's office in situations growing out of the strike, and aided the prosecuting attorney's office in prosecution of persons who violated the law either by assaulting employees or interfering with the operation of the cars, but that his employment respecting rewards was confined to passing upon the validity of such claims

professionally as the legal representative of defendant; and if he found the company legally liable, he simply recommended payment, and in the present instance he had advised no liability existed because there was no final conviction and the arrest was made by plaintiff and his associate while members of the posse, and therefore he declined to advise payment of the reward in question and so informed them, and his last recalled conversation with them occurred after trial had in the court of criminal correction and prior to final judgment. The testimony in other regards presented the facts displayed when the case was first in this court (73 S. W. 305), 100 Mo. App. 258.

At the close of the testimony, the court submitted the case in a single comprehensive instruction, apparently given of its own motion, but no other instruction appears to have been presented by either party. The objections relied on by appellant are twofold and in the language of its counsel are embraced in the queries, whether Jourdan promised to pay the reward after plaintiff had been discharged from the posse, if he would secure a conviction, and had Jourdan any authority or power to so contract on behalf of defendant. Reiterating from the earlier decision, the testimony of plaintiff, if accepted by the jury, established the renewal of promise by Jourdan to pay the reward after plaintiff had fulfilled all obligations and discharged all duties as a peace officer, and had been relieved from further official service, his disability arising from his duties as such deputy had ceased, and he had resumed the status of a private citizen, when the legal reason for interdicting the receipt by or payment to him of the reward no longer prevailed. Thus emancipated from official disqualification, and actuated by the promises held out to him by defendant's special agent entrusted by it with general management and control of such affairs arising during the progress of the strike by its employees, respondent in a private capacity by the expenditure of his

personal funds and his individual effort pursued and made final the conviction of the culprit. His subsequent contract or employment involved the infraction of no rule of public policy and was repugnant to no principle of law but merited the recompense held out as the inducement for his action. The testimony of the chief executive of defendant showed, that under express authority of its board of directors, the offer of the reward had been made, that the attorneys of the company were entrusted with plenary power to handle and dispose of matters arising during the course of the strike especially embracing the punishment of offenders molesting its employees or interfering with the running of its cars, and upon the evidence offered by plaintiff, he was entitled to have submitted to the jury the issue of the extent of the authority of Jourdan as of any agent; it is manifest, that during the prevalence of the extraordinary and turbulent situation reached, the powers of the general attorneys necessarily stretched beyond the rigid limits confining the usual employment of an attorney, and that the duties and the jurisdiction of Jourdan in the emergencies and urgent conditions continually demanding his decision and prompt action were more than those incident to the usual legal representative of an ordinary litigant engaged in the usual course of professional employment.

The principle of law invoked, in brief, is that an officer ought not to take money for performance of his official duty. This record discloses that respondent and his associate as members of the posse had discharged their duty faithfully, fearlessly and courageously, in the face of imminent peril; that they had apprehended and placed in jail an armed and reckless lawbreaker who had just previously fired several shots at a passing car, had disregarded earlier warnings of officers and with vile epithets was defying arrest; after their term of service as deputies had been ended the first interview with Jourdan occurred, and it was no longer incumbent

upon them to prosecute the accused or give any further attention to the charge against him.   The rule is equally well established from a remote period that to defeat the claimant's right to the reward, it must appear that he acted in his official capacity and that the services for which the reward is claimed were part of his official duties; even an officer during term of office may earn a reward by the arrest of a criminal if he was under no obligation to perform the services because of his official duty.   Morris v. Kassling, 11 L. R. A. 398; Gregg v. Pierce, 53 Barb. 387; Reif v. Paige, 55 Wis. 496; Smith v. Moore, 1 Com. Bench 437; Bronnenberg v. Coburn, 110 Ind. 169; Russell v. Stewart, 44 Ver. 170; Davis v. Munson, 43 Ver. 676.   The further prosecution of the convicted wrongdoer to ultimate punishment by final judgment, was a distinct service apart from the official duty performed by appellant as an officer in the arrest and incarceration for trial of the accused; the new agreement therefor had with Jourdan involving additional and independent effort on part of respondent, and the expenditure by him of such sum as might be essential, even though it proved insignificant, as appellant designates it, was for valid consideration, and no more tainted by any illegality, as asserted by appellant, than if such compact had been made with any citizen who had not served in the posse.   The quaint language of the judge in the oldest of above citations might appropriately be borrowed on this occasion:  ''I can not help observing that people are very ready to offer rewards for the discovery of offenders whilst smarting under the loss or injury they have sustained, but are slow indeed to pay them when the claimants present themselves.''

The sole instruction under which the jury considered the case, is criticized as omitting features essential to plaintiff's recovery: it is sufficient to suggest that conceding this stricture to be well founded, in a civil case courts are not required as in criminal proceedings to instruct upon all questions involved whether suggested

in form of instructions or not. Wheeler v. Bowles, 163 Mo. 398. If appellant desired any issue to be submitted in express form, it was incumbent upon it to present appropriate instructions for such purpose, and the failure of the court in the instruction given to comprehend all the issues is, in any aspect, but mere non-direction and not reversible error. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.