NATIONAL EXCHANGE BANK, Appellant, v. WOODSIDE et al., Respondents.

**St. Louis Court of Appeals, March 29, 1904.**

1. **RECEIVER: Compensation.** The compensation of a receiver is to be fixed by the court appointing him in the exercise of its discretion, and, when thus fixed, it is conclusively presumed to be adequate.

2. ———: ———: **Public Policy.** An agreement between the receiver of an insolvent bank and a purchaser from such receiver of certain assets of such bank, consisting largely of notes, that the receiver should be paid for keeping open the estate, for his services and the use of his name in the collection of such notes, in addition to the compensation already allowed him by the court for his services as receiver, was contrary to public policy and void.

Appeal from Howell Circuit Court.—*Hon. S. L. Clark,* Special Judge.

REVERSED AND REMANDED (*with directions*).

*Sebree & Farrington* and *Orr & Luster* for appellant.

An agreement to reward a public officer for doing his duty is void, as against public policy. Kick v. Merry, 28 Mo. 72; Hatch v. Mann, 15 Wendell (N. Y. C. L.) 42; Gilmore v. Lewis, 12 Ohio 281; Hogan v. Stophlet, 44 L. R. A. 809.

*James Orchard* and *S. M. Meeks* for respondents.

REYBURN, J.—The indebtedness of defendants to plaintiff upon their joint note, upon which this action was brought, was not disputed at the trial, but the dispute was upon the counterclaim embodied in the answer of J. Posey Woodside, wherein he averred that on the twenty-second day of September, 1900, he was appointed receiver of the Oregon County Bank, in and by the circuit court of Oregon county, and qualified and took charge of the assets of the insolvent bank of which plaintiff was the largest creditor in sum of $42,000. That pending the receivership, the stockholders of the embarrassed bank and plaintiff reached an agreement, in substance, that defendant, as receiver, should turn over assets in his hands of the Oregon County Bank to the Bank of Thayer sufficient and appropriate for payment of depositors of the Oregon County Bank, and the remaining assets in hands of the receiver should be delivered to plaintiff in satisfaction of its demand against the Oregon County Bank; that such agreement was consummated by the respective transfers of the assets contemplated thereby to the Bank of Thayer, and plaintiff severally, and at the February term, 1901, of the court by which he had been appointed receiver, he was prepared to make final settlement. That in large part the assets turned over to plaintiff, consisted of notes and evidences of debt, for the collection and adjustment of which plaintiff thought it expedient to keep the estate open, and employ the name of defendant in the collection and settlement of such claims. That at and prior to such term, plaintiff requested defendant to withhold final settlement and permit plaintiff to make use of defendant's name, as such receiver, in litigation and settlement in so far as might become necessary, and to have defendant perform such services as plaintiff deemed essential, and plaintiff promised to pay defendant for such services in consideration of his continuation of such settlements, keeping the estate open, the use of his name as receiver and of the performance of such services as

might be required of him as such receiver. Proceeding, the answer averred at instance of plaintiff, the continuance of the final settlement until the August term, 1902, when defendant made his final settlement, the keeping open of the estate for eighteen months, the permissive use of defendant's name as receiver in settlement of plaintiff's affairs, and performance of all things requested, and the value of such services was computed at $1,800, and judgment prayed.

The reply admitted the receivership, but denied any contract for services or use of name of defendant, as receiver, and averred such agreement would be against public policy, illegal and void.

The testimony of the judge of the Twentieth judicial circuit being desired in the case, the trial was had before a special judge agreed upon, the jury returned a verdict for defendant in amount of excess of defendant's counterclaim over total of note and interest upon which the action was brought, and plaintiff appealed.

The testimony disclosed, that at the time this defendant submitted his final settlement and obtained discharge as receiver, the circuit judge made allowances for disbursements and credits of the receiver, including attorneys' fees, compensation and expenses. The compensation of a receiver is to be fixed by the court nominating or creating him, in the exercise of its sound discretion, having reference and regard to the duties and responsibility of the position, the time consumed in administering the trust and efficiency and dispatch with which the work was performed. The compensation thus determined is conclusively presumed to be adequate, and by accepting the appointment, the appointee impliedly agrees to perform the services devolving upon him for such remuneration. The general rule is recognized that the regular allowance for services made to its receiver, by the court appointing him, must be deemed sufficient to compensate him for all services ren-

dered in connection with the receivership, and that he is not entitled to any additional remuneration for his work. Beach, Receivers, sec. 771. To permit a receiver to demand or receive extra compensation as a condition or reward for the fulfillment of his official duties, would be to tolerate and stimulate corruption and bribery in public officers. Any agreement or understanding to pay extra compensation for services rendered by a receiver incidental to or by color of his official position should be condemned as void, illegal and repugnant to public policy. A receiver is but an officer of the court, whose tenure of office is indeterminate, and the general doctrine has long and universally been respected and established that an official should not accept money or reward for performance of his duty. Kick v. Merry, 23 Mo. 72.

The general principles above invoked find abundant support. Mechem, Public Offices, sec. 374; Cornwell v. St. Louis Transit Co., 106 Mo. App. 135, 73 S. W. 305. It is equally well maintained, that for lawful services in an independent employment forming no part of his official duties, a contract for reward or compensation is valid and may be enforced; but the services for which recompense was demanded by defendant were expressly discharged in the character and under the title of receiver, and the language employed in the defendant's pleading in setting forth the counterclaim brings the plaintiff within the operation and scope of such legal rules.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff for amount of the indebtedness evidenced by the note in suit with interest accrued and in plaintiff's favor upon the counterclaim of defendant, J. Posey Woodside. *Bland, P. J.,* concurs; *Goode, J.,* not sitting, having been of counsel in collateral matters.