Davis v. Millsap.

## C. L. DAVIS, Defendant in Error, v. J. P. MILLSAP, Plaintiff in Error.

**Springfield Court of Appeals, November 6, 1911.**

1. **SHERIFFS: Rewards: Extraordinary Services.** A sheriff, who has located and arrested in another state and returned to his county in this state a fugitive from justice, may recover a reward for such services.

2. **OFFICERS: Contracts: Agreement to Pay Extra for Doing Duty.** An agreement to pay money to a sheriff, or other public officer, for doing what he ought to do, is void, and against public policy.

3. ———: ———: ———: **Extraordinary Services.** Where an officer performs an act or renders extraordinary services beyond and outside the limits of his ordinary official duties, and for which a reward has been offered, he becomes entitled to such additional remuneration.

Writ of Error from Oregon Circuit Court—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*E. P. Dorris* for plaintiff in error.

(1) Making extraordinary efforts and incurring expenses not covered by legal fees is voluntary and will not entitle an officer to recover a reward for making an arrest or causing an arrest to be made which it was his legal duty to do. Therefore a sheriff is not entitled to a reward offered for the arrest or conviction of a criminal when the service performed is in the line or scope of his duty. Keck v. Merry, 23 Mo. 72; Thorton v. Railroad, 42 Mo. App. 58; Cornwell v. Transit Co., 100 Mo. App. 258, 106 Mo. App. 135; Smith v. Vernon County, 188 Mo. 501; Smith v. Whilden, 10 Pa. St. 39, 49 Am. Dec. 572; Stacy v. State Bank, 5 Ill. 91; Hayden v. Souger, 56 Ind. 42, 26 Am. Rep. 1; Ring v. Devlin, 68 Wis. 384, 32 N. W. 121; Badow v. Salter, 82 Eng. Rep. 34.

*J. D. Brooks* for defendant in error.

GRAY, J.—Can a sheriff who has located, arrested and returned to his county in this state a fugitive from justice, recover a reward offered for such services? If this question is answered in the affirmative, the judgment must be affirmed.

On the 3d day of February, 1906, W. S. Millsap was killed in Oregon county, and Luther Minnich was charged with the crime. Minnich escaped from Missouri and was supposed to be a fugitive from justice. The county court of Oregon county offered a reward of two hundred dollars for his arrest and conviction, and the state offered a reward of three hundred dollars on the same terms, and the plaintiff in error offered a reward of one hundred dollars.

The evidence was conflicting whether plaintiff's money was to be paid for the arrest, or for the arrest and conviction. This question, however, was submitted to the jury by a proper instruction, and the verdict is conclusive on this court.

Davis was not the sheriff at the time the crime was committed, but was subsequently elected. After his election he undertook to locate Minnich and was successful through assistance of officers and individuals in Idaho and Washington. For such assistance he paid twenty-five dollars to the postmaster at Russell, Idaho; one hundred and twenty-five dollars to Miss Alice Shoutell, and the sum of seventy-five dollars to the detective for making the arrest in the State of Washington.

After Minnich was arrested in Washington, Davis procured a warrant for his arrest, and clothed with requisition papers, he went to Washington and brought Minnich to this state. He was paid by the state one hundred and ninety-three dollars for his mileage and expenses in making the trip. The cause was tried

before a jury, resulting in a verdict in favor of Davis for the one hundred dollars offered by Millsap.

From an early day it has been established, and continues to this time, that an agreement to pay money to a sheriff or other public officer for doing what he ought to do, is void and against public policy. [34 Cyc. 753; Kick v. Merry, 23 Mo. 72; Smith v. Vernon Co., 188 Mo. 501, 87 S. W. 949; Bank v. Edmund, 81 N. E. 641, 11 L. R. A., N. S. 1170.]

On the other hand, the law has never declared that under no circumstances is an officer entitled to the reward. [Smith v. Vernon Co., supra; Cornwell v. St. Louis Transit Co., 100 Mo. App. 258, 73 S. W. 305; Gregg v. Pierce, 53 Barb. 387; Hogan v. Stophlet, 179 Ill. 150, 44 L. R. A. 809, 53 N. E. 604.]

The rule is correctly declared in Cornwell v. Transit Co., supra, as follows: "Public policy forbids an officer from claiming a reward for performance of any act which is by law made part of his duty, but if an officer performs an act or renders extraordinary services, alike beyond and outside the limit of his ordinary official duty and for which a reward has been offered, he becomes entitled to such additional remuneration and may lawfully make claim thereto without violation of the policy of the law."

In Meechem on Public Officers, section 885, it is said: "Where a sheriff in reliance upon the offer of a reward, searches for a criminal who has escaped from his county, and captures him in another county, or follows a fugitive from justice and apprehends him in another state, he is entitled to the reward."

In Smith v. Vernon County, supra, our Supreme Court permitted an officer of the State of Iowa who had arrested in that state a fugitive from this state, to collect the reward offered by the county court of Vernon county for the arrest of such fugitive. In applying the general rule prohibiting officers from receiving rewards, Judge LAMM said: "Nevertheless,

Davis v. Millsap.

in applying it, discrimination should be used to fit it only to a case within the common sense of the thing and where the benefit will be advanced and the mischief retarded. The mischief struck at is obvious; and a public officer, under a bounden oath to perform a certain official duty, for the performance of which a legal fee or salary is provided by law, is the character of person within the spirit and letter of the rule.''

When the reward was offered in this case, Davis was a private citizen, and the person charged with the crime had escaped beyond the jurisdiction of the sheriff of Oregon county. He had no authority as sheriff to arrest Minnich in the State of Washington, and there was no statute giving him any fees therefor. His efforts in attempting to locate Minnich in Washington were extraordinary services for which no compensation was allowed by law. It appears that he paid over two hundred dollars to others for their assistance in locating and arresting him.

In Gregg v. Pierce, 53 Barb. 387, it is expressly held that where a sheriff follows a fugitive to another state and there causes him to be arrested and returned, that he is entitled to the reward offered therefor. This case is cited by our own court in the case of Cornwell v. St. Louis Transit Co., supra, and in the same case in the 106 Mo. App. 135, 80 S. W. 744.

In the notes to Bank v. Edmund, 11 L. R. A., N. S. 1170, it is said: ''Such officer may earn a reward by making an arrest outside his territorial jurisdiction.''

While the authorities are not numerous on the exact point, we have been unable to find any holding that under the circumstances of this case the officer is not entitled to the reward.

The judgment will be affirmed. All concur.