REIF VS. PAIGE.

*September 20 — October 10, 1882.*

PLEADING. *(1) Matter in abatement to be specially pleaded.*
·OFFER OF REWARD. *(2, 3) Notice of acceptance unnecessary.*
FIREMAN. *(4) Duties: need not risk his life. (6) May claim reward for act not in the line of his duty. . (5) "Duty" and "line of duty."*

[1. *It would seem* that matter merely in abatement of an action will not be available under a general denial, but must be pleaded, especially where such matter is negatived in the complaint.]

2. Where a reward is offered for the doing of a certain act, with no restrictions or limitations to the offer, and no additional requirement upon the claimant of the offered bounty, one who performs the act with a view of obtaining the reward need not give notice of that fact to the person making the offer, as a condition precedent to the recovery of the reward.

3. So *held,* where A. made an offer "I will give $5,000 to any person who will bring the body of my wife from that building, dead or alive," and B., on the faith of the offer, and for the purpose of earning the reward, rescued the body of A.'s wife from the burning building in which it then was.

[4. Whether, where the charter and ordinances of a city are silent upon the subject, a member of the fire department of such city owes any duty, by reason of such employment, to rescue persons from burning buildings, is not here determined. If so, such duty extends only to the use of his best judgment and efforts in that behalf, and does not, in any case, require him to risk his own life.]

·5. If it is not the duty of a person to do a specified act, it cannot properly be said that the performance of such act is within the line or scope of his duty, so as to impose upon him the same consequences as though it were his actual duty.

·6. So, where a fireman could not rescue a person from a burning building without imminent peril of losing his own life, and it was not his duty, as such fireman, to do so, such rescue cannot be said to have been in the line of his duty, so as to preclude him from claiming a reward offered therefor.

APPEAL from the Circuit Court for *Winnebago* County. During the afternoon of December 3, 1880, a hotel in the ·city of Oshkosh, known as the "Beckwith House," was de-

stroyed by fire. The defendant and his wife lived in this hotel, occupying rooms in the fourth story. When the fire broke out Mrs. Paige was in those rooms and perished in the flames. The members of the fire department of Oshkosh placed a ladder at a window near where Mrs. Paige was supposed to be, and at least two fireman attempted to enter the window and rescue her, but were driven back by the smoke and flames. The ladder was then removed, but subsequently was replaced at the same window. About this time, and after the fire had been raging thirty minutes or more, the defendant, who had been absent, reached the scene of the fire, and, as it is alleged in the complaint, offered and promised to pay a reward of $5,000 to any person who would rescue his wife from the burning building, dead or alive. The plaintiff claims that he has earned the reward thus offered, and has brought this action to recover the same.

The complaint alleges that the plaintiff, on being informed of such offer and promise, and confiding in and relying upon the same, entered such rooms in the fourth story of the burning building, at great peril to his life and health, removed therefrom the dead body of Mrs. Paige, and delivered the same to the defendant. Also, that the plaintiff has performed all of the conditions of said contract on his part to be performed; that no part of the said $5,000 has been paid to him; and that the same is now due and payable.

In his answer, the defendant denies that he offered any reward for the rescue of his wife from the burning building, and also denies an averment in the complaint that the fire department was unable to remove her therefrom. He alleges therein that the body of his wife was recovered by members of that department; that the plaintiff was an assistant engineer and a paid officer in that department, and whatever he did in the recovery and removal of the body of Mrs. Paige was done as such officer and member of the fire department, and in the performance of his duties as such.

Reif vs. Paige.

The testimony on the trial tended to prove that the defendant offered the reward, and that with knowledge of the offer and on the faith of it, and for the purpose of earning the reward, the plaintiff ascended the ladder, entered the building, and rescued the dead body of Mrs. Paige from the flames, to the knowledge of the defendant. No formal notice was given by the plaintiff to the defendant, before this action was commenced, that the former had acted in the premises upon such offer, and claimed the reward; and no demand therefor was made upon the defendant. The circuit court nonsuited the plaintiff, and judgment against him was entered accordingly. The plaintiff appealed from that judgment.

For the appellant there were separate briefs by *Finch & Barber*, his attorneys, and *Chas. W. Felker*, of counsel, and oral argument by *Mr. Barber:*

1. An offer of reward for the performance of certain services is, until performance, a mere proposal, not a contract. It may be revoked, while an offer, at pleasure; but if acted upon before withdrawn, it becomes a contract complete in all its terms. No notice of intention to act is necessary to be given to the party making the offer, and no notice of the performance of the service is required. The contract is executed when the services are rendered. It was no part of the contract in this case that the plaintiff should give any notice. Story on Con., 380; Addison on Con. (Am. ed.), 9; *Harson v. Pike*, 16 Ind., 140; *Hayden v. Souger*, 56 id., 42; *Wilson v. McClure*, 50 Ill., 366; *Baker v. Hoag*, 7 Barb., 113; *Freeman v. Boston*, 5 Met., 56; *Wentworth v. Day*, 3 id., 352; Abbott's Trial Evi., 383; *Bank v. Hart*, 55 Ill., 62; *Ryer v. Stockwell*, 14 Cal., 134. The delivery of the body to the defendant as alleged was equivalent to notice. If notice of performance was a condition precedent, the allegation that plaintiff has duly performed all the conditions of the contract on his part is sufficient. Want of notice and failure to demand payment, under no circumstances can

affect the contract. They are, at most, matters that could have been pleaded in abatement, and not having been so pleaded, are waived.

2. Admitting that a promise of a reward to a public officer for increased vigilance or unusual exertion in the line of his duty, is not valid, yet in this case the act done was not within the line of the plaintiff's duty, and formed a sufficient foundation for the promise. 1 Addison on Con., 15, 20; *England v. Davidson*, 11 Ad. & E., 856, 39 Eng. C. L., 354; *Hartley v. Ponsonby*, 7 Ell. & Bl., 872; *Stilk v. Myrick*, 2 Camp., 317; *Smith v. Moore*, 1 M., G. & S., 438; *Warner v. Grace*, 14 Minn., 489; *City Bank v. Bangs*, 2 Edw. Ch., 95; *Thatcher v. England*, 3 M., G. & S., 261; *Gregg v. Pierce*, 53 Barb., 387; Crocker on Sheriffs, sec. 1144; *Prentiss v. Farnham*, 22 Barb., 519; *Means v. Hendershott*, 24 Iowa, 78; *Davis v. Munson*, 43 Vt., 676; *Russell v. Stewart*, 44 id., 170; *Pilie v. New Orleans*, 19 La. Ann., 274; *Morrell v. Quarles*, 35 Ala., 544; *Dey v. Insurance Co.*, 16 Minn., 408; *Smith v. Whildin*, 10 Pa. St., 40; *U. S. v. Barrels of Distilled Spirits*, 1 Low., 248; *Hooper v. 51 Casks of Brandy*, Davies, 370; *Yates v. Hall*, 1 Term, 73; *The Express*, 1 Blatch. & How., 366; *String v. Hill*, Crabbe, 454; *The Brookline*, 1 Sprague, 104; *Clutterbuck v. Coffin*, 4 Scott's New Rep., 509. A fireman is not an officer. *People v. Pinckney*, 32 N. Y., 377. His duties were such only as were prescribed by the charter and ordinances of the city and cannot be enlarged or extended beyond those so defined. *City of Detroit v. Redfield*, 19 Mich., 376; *Evans v. City of Trenton*, 4 Zab., 764; *Converse v. United States*, 21 How., 463.

For the respondent there was a brief by *Gary & Berry* and *Moses Hooper*, and oral argument by *Mr. Hooper:*

1. No demand was made for the reward, and the defendant was not notified who, if anybody, claimed or was entitled to it, or that anybody had acted in view of an offer of re-

ward.    Such notice is a condition precedent to the right of action.    The action is the same in principle as an action to recover a bounty offered to volunteers in the military service. *Janvrin v. Exeter*, 48 N. H., 83.    It can be sustained only on the ground of a contract between the parties.    *Frey v. Fond du Lac*, 24 Wis., 204.    It is an express contract but not one resting upon mutual promises.    On the part of the promisor it is a conditional promise, not to the plaintiff, but to any-body who will accept its conditions.    The acceptance which converts the offer into a contract must be a performance of that for which the reward is offered, with information of the offer and with a view to obtaining the reward.    *State ex rel. Dockstater v. Brown*, 20 Wis., 287; *Grubb v. Menominee*, 21 id., 594; *Roach v. Menominee*, 24 id., 527; *Fitch v. Snedaker*, 38 N. Y., 248; *Howland v. Lounds*, 51 id., 604; *Stamper v. Temple*, 6 Humph., 113.    The defendant's liability would arise, if the offer was made as alleged, not merely upon the rescue of his wife's body by the plaintiff but upon a rescue by him after information of the offer and with a view to ob-taining the reward.    Of this the defendant had no means of information except from the plaintiff himself, and therefore the plaintiff was bound to give notice that he had earned and claimed the reward before he could maintain this action. *Vyze v. Wakefield*, 6 M. & W., 442; *S. C.*, 7 id., 126; 1 Chitty Pl., 360; *Lent v. Padelford*, 10 Mass., 230; 2 Parsons on Con., 669, 670; *Lamphere v. Cowen*, 42 Vt., 175.    2. The plaintiff was acting in concert with the other members of the fire department, under the immediate supervision of the chief engineer.    A member of the *posse comitatus* acting in aid of the sheriff might as well claim a promised reward for arrest.    3. The rescue was in the line of the plaintiff's duty as a salaried fireman of the city.    His common law obliga-tions made it his duty to save life and rescue bodies from the flames.    The ordinance of the city, also, provides for " re-moving goods, merchandise, furniture, fixtures, etc."    The

words, " etc." indicate an intention to make provision for the safety of other valuable things not specifically enumerated. It cannot be said that human life, or the bodies of friends, are not *ejusdem generis* with " goods and merchandise," when viewed as entitled to our care and protection. Public policy will not permit one owing a duty to the public or an individual, to stipulate in time of danger for a reward for extra-. ordinary exertion in the line of his duty. Unusual peril calls for unusual effort. One engaging in business attended with danger, contracts to do his best in time of danger. This principle has been applied in the United States to numerous classes of persons. To sheriffs and constables: *Mitchell v. Vance*, 5 T. B. Monroe, 528; *Marking v. Needy*, 8 Bush, 22; *Gilmore v. Lewis*, 12 Ohio, 281; *Brown v. Godfrey*, 33 Vt., 120; *Smith v. Whidden*, 10 Pa. St., 39; *Stemper v. Temple*, 6 Humph., 113; *Ex parte Gore*, 57 Miss., 251; *Preston v. Bacon*, 4 Conn., 471; *Warner v. Grace*, 14 Minn., 487; *Hatch v. Mann*, 15 Wend., 45; *Hayden v. Souger*, 56 Ind., 42. To police officers and night watchmen: *Kick v. Merry*, 23 Mo., 72; *City Bank v. Bangs*, 2 Edw. Ch., 95; *Day v. Insurance Co.*, 16 Minn., 408; *Pool v. Boston*, 5 Cush., 219. To city surveyor: *Pilie v. New Orleans*, 19 La. Ann., 274. To seamen: 3 Kent's Comm., 185. To pilots: *Callagan v. Hallett*, 1 Caines, 104. To witnesses: *Pool v. Boston*, 5 Cush., 221. To military and naval officers: *Weaver v. Whitney*, Hopk., 13; *Pratt v. Foote*, 6 Conn., 332. To custom house and treasury officers: *Satterlee v. Jones*, 3 Duer, 102; *Davies v. Burns*, 5 Allen, 349. And in England the principle is equally well settled. As to witnesses: *Collins v. Godefroy*, 1 Barn. & Ad., 950, 20 Eng. C. L., 514, 517; *Willis v. Peckham*, 1 Brod. & B., 515, 5 Eng. C. L., 171. As to sheriffs: *Stotesbury v. Smith*, 2 Burr., 924; *Badon v. Salter*, Wm. Jones, 65. As to seamen: *Harris v. Watson*, Peake's Cas., 72; *Stilk v. Myrick*, 2 Campb., 317; *Harris v. Carter*, 25 Eng. L. & Eq., 220; *The Araminta*, 29 id., 582. There is no distinction in prin-

ciple between, and the rule applies equally to, those who owe duties as public officers and those who owe duties in any private capacity. A fireman performs the functions of a public officer. *Fisher v. Boston*, 104 Mass., 87; *Hafford v. Boston*, 16 Gray, 297, 302; *Jewett v. New Haven*, 28 Conn., 363; *O'Meara v. New York*, 1 Daly, 425; 2 Dillon on Mun. Corp., sec. 976.

LYON, J. 1. It is maintained on behalf of the defendant that in no event was there a cause of action against him until after due notice to him that the plaintiff had rescued the body of his wife from the flames, with knowledge of the offer of a reward for so doing, and on the faith of that offer; in other words, that such notice is a condition precedent to the plaintiff's right of action. If this position is correct, the performance of such condition precedent must be averred in the complaint, either specifically or by authorized general averment, and, if denied, must be proved on the trial, or the plaintiff cannot recover. The complaint alleges that "the plaintiff has fully performed all of the conditions of said contract upon his part to be performed." This mode of pleading performance of conditions precedent is authorized by statute, and hence the same are sufficiently pleaded. R. S., 728, sec. 2674. The answer does not deny that averment of the complaint, either specifically or by general denial. Hence, the plaintiff was not required to prove the averment on the trial. Moreover, the failure to give such notice (if the notice was required), goes only in abatement of the action, and it may well be doubted whether even a general denial would make an issue on the question as to whether the notice had been given. It would seem that, regularly, mere matter in abatement of an action, to be available, should be pleaded, especially when, as in this case, such matter is negatived in the complaint. However, the point is not here determined. But inasmuch as the defendant introduced evi-

dence, without objection, tending to show that he received no such notice of the plaintiff's acceptance of the alleged offer of a reward, and as it is quite competent for the court to permit an amendment making the answer correspond with the proofs in that behalf, it becomes our duty to determine the question of the necessity of such notice.

The offer of a reward by the defendant for rescuing the body of his wife, and the rescue of her remains by the plaintiff, with knowledge of such offer, and with a view to obtaining the reward offered, constituted a contract between the parties, which was fully and completely executed by the plaintiff. The offer, which the proofs tend to show the defendant made, was, in substance, "I will give $5,000 to any person who will bring the body of my wife out of that building, dead or alive." There were no restrictions or limitations to the offer, and no additional requirement upon the claimant of the offered bounty. Hence, when the plaintiff, with a view of obtaining the offered reward, rescued the body of Mrs. Paige, he had done all that the offer required him to do, and if he has any cause of action it was then complete. There may be a conflict of authority on this question, but it seems to us that the better reasons are with the cases cited on behalf of the plaintiff, holding that in such a case the giving of the notice is not a prerequisite to maintaining an action for the reward. The soldiers' bounty cases in this court, cited in opposition to this view, are not in point, because in those cases it was absolutely necessary that the towns or municipalities should know when their quotas were full. Hence the necessity that each person who enlisted for the bounty should promptly notify the proper authorities of the town or city to which he was credited of the fact of his enlistment. No such reason exists here for requiring notice. There is no more hardship in this rule than in the rule which allows the indorsee and holder of an overdue negotiable promissory note to sue the maker thereon without giving

him an opportunity to pay it without suit. The maker may have been ready and anxious to pay it at the time it became due, had he known where it was. Yet the holder may sue it at his leisure, and compel the maker to pay costs, and, in general, the accrued interest as well. That hardship is possible because the contract evidenced by the note is complete, and nothing remains to be done by the holder after the note becomes due to give him a right of action upon it. On precisely the same principles we think in this case that after the plaintiff had performed the only condition stipulated for in the alleged offer, his right of action was complete, without doing any other act whatever.

2. The learned circuit judge nonsuited the plaintiff on the ground that it was his duty as a paid officer and member of the fire department of Oshkosh to rescue persons as well as property from fires, and that it is against sound public policy to allow him to contract for a reward for recovering the body of Mrs. Paige. Also, that in such a case there is no valid consideration for the offer, moving from one whose duty it is to do the act. The learned counsel for the respective parties have argued this branch of the case (as well as the other), with great candor and ability, and each has cited numerous adjudications in support of his theory of the case. Their arguments and concessions have brought the question upon which the case must turn within very narrow limits. Counsel for the plaintiff concedes that if it was the duty of his client as a fireman to go into the burning building and remove therefrom the remains of Mrs. Paige, he cannot recover the reward, but contends that it was not his duty to do so under the circumstances of the case. Counsel for the defendant, while not contending that it was the duty of the plaintiff as a fireman to imperil his life by going into the building for Mrs. Paige, or that the act was not a very perilous one, maintains that it was in the nature of extra or extra hazardous services in the line or scope of his duty, and, being so,

the law will not permit him to contract for a reward for doing the act.

There was considerable discussion by counsel as to what are the duties of firemen. We know of no guide for ascertaining those duties other than the charter of the municipality in which they are employed, and the ordinances or by-laws enacted pursuant thereto. The ordinances of the city of Oshkosh in respect to its fire department were read in evidence, and reference made to the city charter in that behalf. We do not care to comment upon these, for we are clear that there is nothing in them which made it the duty of the plaintiff to enter the fourth story of the burning building and rescue the body of Mrs. Paige from the flames, at the imminent hazard of losing his own life. That he incurred such hazard there can be no doubt from the testimony. He did not, as does a soldier, contract to risk his life in the service. The most that can reasonably be claimed is that, short of risking his life, he contracted to use his best judgment and efforts in extinguishing fires, and in saving persons and property from destruction or injury. But it is quite doubtful whether a fireman employed under the charter and ordinances of Oshkosh owes any duty, *as a fireman*, to rescue persons from burning buildings. Both charter and ordinances are silent on the subject, although an ordinance requires them to aid in the removal of endangered goods and property. It may well be that for the rescue of persons in peril from a conflagration the legislature or common council relied upon the promptings of humanity which in such emergencies always insures the utmost efforts of all who can aid therein, whether firemen or not, to save the lives of those in peril. But whether a fireman owes any such duty by reason of his employment is not here determined. We assume, for the purposes of this case, that he does, and have stated above the limits of that duty, if it exists.

On this hypothesis, the precise question to be determined

Reif vs. Paige.

is whether the fact that it was not, under the circumstances, the duty of plaintiff as a fireman to rescue the body of Mrs. Paige, renders him competent to make a valid contract for a reward for so doing. It is difficult to perceive how it can properly be said that it was within the scope or line of the plaintiff's duty to do the act, when it was not his duty to do it. It is conceded, for the purposes of the case, that it was his duty as a fireman to rescue Mrs. Paige from the flames if he could do so without hazarding his own life. It was not his duty to do so at the hazard of his life. Can it properly be said that it was in the line or scope of his duty to rescue her at the imminent peril of losing his life, when his duty did not require him to do so? We confess our inability to perceive any satisfactory grounds upon which this question may be answered affirmatively.

In the law of agency we find that principals are often held responsible for the unauthorized acts of their agents because such acts are within the scope of the authority of such agents, although not within their actual authority. The principal is held in such a case because he has clothed his agent with *apparent* authority to do the act, and a person to whom the agent is accredited may deal with him on the faith that he has the authority to bind his principal which he *appears* to have, and may hold the principal as effectually as though the agent had actual authority in the premises. Hence, when it is said that a given act of an agent, although unauthorized, is within the scope of his authority, and therefore binds his principal, it only signifies that the principal has *apparently* given his agent authority to do the act, and, as against a person dealing with the agent in good faith, he shall not be heard to deny the agent's authority.

But where the question is one of *duty,* there seems to be no room for the application of any such principle. If it is not the duty of a person to render a specified service, we fail to comprehend how it can correctly be said that the service

Reif vs. Paige.

is within the line or scope of his duty; that is to say, that although it is not actually his duty to render the service, yet, because it is his apparent duty to do so, he shall be held to the same consequences as though it were his actual duty. It seems to us that the mere statement of the proposition is sufficient to show that it is untenable.

The respective counsel have cited and commented upon numerous cases bearing upon the question under considera- tion. There is some apparent conflict of doctrine in them. In many of those cited on behalf of the defendant, claim- ants of rewards have been defeated because (as it is said), it was within the line or scope of their duties as officers, or otherwise, to render the services for which the rewards were offered. Yet in some of these cases it was held that it was the duty of the claimants to render those specific services. The cases cited on behalf of the plaintiff fully sustain the position of his counsel, that, unless it was the duty of the plaintiff as a fireman to rescue the body of Mrs. Paige, he is in a position to claim the alleged reward. A reference to these cases will be found in the report of the arguments, and it is unnecessary to cite them here. To state these cases in detail, and to comment upon them here, would unreasonably extend this opinion, which, perhaps, is already too long, and would serve no useful purpose. We must content ourselves, therefore, with the foregoing general observations upon them.

It follows, from the views above expressed, that inasmuch as the plaintiff could not rescue the body of Mrs. Paige from the burning building without imminent peril of losing his own life, and inasmuch as it was not his duty as a paid officer and member of the fire department to do so, he is in a position to claim the reward alleged to have been offered by the defendant for such rescue.

The judgment of nonsuit must be reversed, and the cause will be remanded for a new trial.

*By the Court.*— It is so ordered.