STANLEY W. PLANK, Appellant, v. JOHN M. GRIMES, Treasurer of State, et al., Appellees.

No. 47023.

JUNE 17, 1947.

Hatter & Hatter, of Marengo, Edward L. O'Connor, D. C. Nolan, and M. E. Coltrane, all of Iowa City, for appellant.

John M. Rankin, Attorney General, James Lucas, First Assistant Attorney General, Don Hise, Special Assistant Attorney General, and Herbert J. Ries, Special Assistant Attorney General, of Iowa City, for John M. Grimes as Treasurer of the State of Iowa, appellee.

Messer, Hamilton & Cahill, of Iowa City, for Iowa State Bank & Trust Company and First National Bank, Iowa City, appellees.

MULRONEY, J.—In Carlton v. Grimes, 237 Iowa 912, 23 N. W. 2d 883, a citizen of Iowa sought to have the law providing for the one-cent additional tax on gasoline held unconstitutional as violative of certain provisions of the Iowa Constitution. When

this court upheld the constitutionality of that statute, another citizen of Iowa was quick to challenge the constitutionality of the same act, and the constitutionality of the entire motor-vehicle fuel-tax law of Iowa, selecting other Iowa constitutional provisions and federal constitutional provisions as the basis for his attack. ,

By a petition and amendment thereto, that occupies some thirty-five printed pages in the record, citizen Plank sought an injunction against the defendant state treasurer to permanently restrain him from collecting the motor-vehicle fuel tax provided for in chapter 324, Code, 1946, on the ground that the law violates the due process clause contained in the Fourteenth Amendment to the Constitution of the United States, and denies to him and other citizens who purchase gasoline the equal protection of the laws, as guaranteed by sections 6 and 9 of Article I, and section 30 of Article III of the Constitution of Iowa. The trial court sustained the treasurer's motion to dismiss plaintiff's petition and plaintiff appeals from the judgment entered upon his election.

I. No good purpose would be served by attempting to arrange the multitude of propositions urged by plaintiff so as to treat all of them in detail. They are all based on the idea. that the tax is on property. It is useless to press upon the attention of courts propositions which have been met over and over again by the courts with the uniform result upholding the validity of such laws as imposing excise taxes. The Iowa law is a use-tax law, laying an excise upon the use of fuel for the propulsion of vehicles on the highways of this state. More than ten years ago Mr. Justice Cardozo, of the Supreme Court of the United States, in the case of Henneford v. Silas Mason Co., 300 U. S. 577, 583, 57 S. Ct. 524, 527, 81 L. Ed. 814, said:

"A tax upon the privilege of use * * * is now an impost so common that its validity has been withdrawn from the arena of debate."

It is enough to state that plaintiff first argues that the law imposes a property tax and as such it violates the constitutional provisions named, in that the tax is on a gallonage

basis rather than on the basis of value; that the exemption provisions (for nonhighway uses) are arbitrarily discriminating; and that the method of apportioning a part of the tax collected constitutes the taking of tax money from one taxing district and using it for the benefit of other districts, thereby denying equal protection of the laws. The entire argument is unsound because the first premise is wrong. The law does not impose a property tax. In 1934 the Supreme Court of the United States held the Iowa motor-vehicle fuel-tax law was not a property tax. In the case of Monamotor Oil Co. v. Johnson, 292 U. S. 86, 93, 54 S. Ct. 575, 578, 78 L. Ed. 1141, that court, speaking through Mr. Justice Roberts, said:

"The appellant insists that the tax is a direct tax on motor vehicle fuel imported. The court below concluded that the law laid an excise upon the use of fuel for the propulsion of vehicles on the highways of the state. The [Iowa] state officials have administered the tax on this theory. We think this the correct view. The levy is not on property but upon a specified use of property."

In State v. City of Des Moines, 221 Iowa 642, 650, 266 N. W. 41, 45, decided in 1936, this court, speaking through Justice Hamilton, said:

"* * * the license fee or tax imposed upon users of motor vehicle fuel is not a tax on property but an excise tax, so say all the authorities." (Citing many cases, including the Monamotor Oil Company case, supra.)

While the Iowa motor-vehicle fuel-tax law has been amended since the decisions in the above cases, the amendments have not changed the character of the law as a tax upon the use of motor-vehicle fuel for the propulsion of vehicles on the highways of the state. As an excise tax, to be paid by users of motor-vehicle fuel to propel vehicles on the highways of this state, the law operates with uniformity upon all within the class, and the equality and due process provisions of the state and federal constitutions are satisfied. Plaintiff does not seem to argue

otherwise. Indeed, to so argue at this late date one would be wading upstream against a torrent of decisions from courts of final authority from nearly every jurisdiction in the United States. Plaintiff pounces upon one statement in the Carlton v. Grimes case, supra, and argues that by this statement the Iowa motor-vehicle fuel tax has been changed from an excise tax to a property tax. In that opinion, at page 943 of 237 Iowa, page 899 of 23 N. W. 2d, we said:

"While the four-cent charge per gallon of gasoline or motor-vehicle fuel is spoken of as a license fee, it is clear that the statute providing for it was never intended as a license measure in the true sense. It was intended largely as a revenue measure and not for the sole purpose of regulation. Its purpose and effect is that of a tax law."

Upon this language plaintiff founds his first premise that the law is a property-tax law. The conclusion is utterly unwarranted. The statement in the opinion is correct and it had its proper setting in the discussion of the proposition in that case involving the constitutionality of the bill under the constitutional provisions as to titles of bills. There is, as stated in Solberg v. Davenport, 211 Iowa 612, 232 N. W. 477, and cited in the Carlton case, much confusion in the decisions from the careless use of language and terms. The motor-vehicle fuel tax is not a license tax in the sense of a regulatory charge imposed under police power, which was the early concept of a license tax. The distinction between a license tax and an excise tax is not always recognized in later decisions. See 51 Am. Jur., Taxation, section 37. The law was intended as a "revenue measure" and its purpose and effect is that of a "tax law," the same as any other sales or use-tax law, under the legislature's exercise of taxing power, is a tax law. In any event, in passing on the constitutionality of a tax statute courts are concerned only with its practical operation, not its name. Ingels v. Riley, 5 Cal. 2d 154, 53 P.2d 939, 103 A. L. R. 1; Wisconsin v. J. C. Penney Co., 311 U. S. 435, 61 S. Ct. 246, 85 L. Ed. 267, 130 A. L. R. 1229. There is not the slightest indication in the Carlton case that this court considered the Iowa motor-vehicle

fuel tax a property tax. Plaintiff's conclusion that there was is wholly unfounded.

The mere fact that part of the money which will be paid into the state treasury by the residents of one county may or will be used to build roads in other counties does not make the act invalid. The legislature. had the power 'to determine the roads which were to be improved with the funds raised by taxation. Gafill v. Bracken, 195 Ind. 551, 145 N. E. 312.

It is our conclusion that the Iowa motor-vehicle fuel-tax law does not offend against the afore-mentioned clauses of the state and federal constitutions.

II. Plaintiff argues section 324.49, Code, 1946, violates the Amendment of 1942 [Article VII, section 8] to the Constitution of Iowa. The section authorizes the treasurer to pay rewards to persons who bring to his attention any evasion of the tax, and the constitutional provision provides:

"* * * all licenses and excise taxes on motor vehicle fuel, except cost of administration, shall be used exclusively for the construction, maintenance and supervision of the public highways * * *."

The statute is well within the exception for costs of administration in the constitutional provision. The so-called reward, when paid, is payment for enforcement services performed by the recipient of the payment. See Kinn v. First Nat. Bk., 118 Wis. 537, 95 N. W. 969, 99 Am. St. Rep. 1012.

The trial court was right in dismissing plaintiff's petition on the treasurer's motion. The judgment is affirmed.—Affirmed.

OLIVER, C. J., and SMITH, HALE, BLISS, GARFIELD, MANTZ, and HAYS, JJ., concur.