STATE OF IOWA, appellee, v. GALINSKY BROTHERS Co., a copart- nership, et al., appellants.

No. 51010.

(Reported in 121 N.W.2d 664)

MAY 7, 1963.

Goldberg, Nymann & Probasco and M. S. Berenstein, all of Sioux City, for appellants.

Evan Hultman, Attorney General, and Frank D. Bianco, Assistant Attorney General, for appellee.

SNELL, J.—This is an action in equity by the State of Iowa seeking judgment and lien foreclosure for motor-vehicle fuel tax claimed due and unpaid under the provisions of chapter 324, Code of Iowa.

The facts were stipulated and are not in dispute.

The Treasurer of the State of Iowa is the official charged with the duty of administering and enforcing the "Motor Fuel Tax Law." For the privilege of operating motor vehicles in the State an excise tax is imposed upon the use of all motor fuel used for any purpose except as otherwise provided.

Defendant, Galinsky Brothers Co., is a partnership, and during the time involved herein was engaged in the purchase and sale at wholesale of fresh fruits and vegetables and the delivery thereof in its own trucks to its customers in Iowa, Nebraska and South Dakota. The other defendants are members of the partnership. We will refer to the partnership and the co-partners as the defendant.

Defendant was licensed by the State as a distributor of motor fuel under the provisions of Division I of the Motor Fuel Tax Law. Section 324.2(2).

Under its distributor's license defendant imported into the State gasoline for use in its own trucks. The gasoline was purchased in bulk, about 8000 gallons at a time, and stored in its own storage tanks in Sioux City. When withdrawn from storage it was placed in the motor-vehicle-fuel supply tanks of defendant's delivery trucks and consumed along the highways of Iowa, South Dakota and Nebraska.

Monthly reports to the State of Iowa are required of licensed distributors. Defendant has made all such reports and has paid the tax on all fuel used in Iowa. In this action the State seeks the collection of the tax on the motor fuel used and wholly consumed in South Dakota and Nebraska. South Dakota and Nebraska have imposed a tax on the motor fuel used in those states. Defendant has regularly paid the taxes so imposed and has reported to Iowa and established all pertinent facts relative thereto.

The distributor's monthly reports were made on forms prepared and furnished by the State. MVF Form #3 in addition to

formal identification matters shows the amount and source of imported fuel. Line #1 on the form shows the invoiced gallonage imported into Iowa on which tax has not been paid. Line #2 shows the gallonage sold and delivered outside of Iowa. This gallonage is subtracted from the imported gallonage to show the net amount subject to Iowa tax. Subsequent lines show the computation of the tax due and the remittance. The deductions shown on line 2 are itemized on attached MVF Form #4.

The same practice and reporting has been followed by defendant since 1939. The line 2 deductions on the 51 reports from July 1957 through September 1961 are the basis of the present controversy. It should be noted that there is no claim of fraud, concealment or misrepresentation of the facts. The issue since 1957 between plaintiff and defendant has been whether the gasoline actually used and taxed in South Dakota and Nebraska is taxable under the Iowa statute. Was the gasoline "exported" within the meaning of the Iowa law? Defendant holds an Iowa distributor's license but does not distribute in the popular sense of acting as wholesaler of motor fuel to retailers or consumers other than itself.

Until 1957 the State approved the line 2 deductions as proper.

Beginning in 1957 and frequently thereafter the State questioned the Iowa tax free status of the gasoline accounted for on line 2 of the reports. Extensive correspondence including 28 letters from the State Treasurer to defendant followed.

Defendant was fully aware of the State's claim. Plaintiff was fully aware of defendant's claim.

No hearings authorized by chapter 324 and referred to in section 324.68, Code of Iowa, were ever held. This is unimportant.

On August 1, 1958, an assessment of taxes to July 4, 1958, was made by the Treasurer of the State of Iowa and on September 17, 1958, a then assistant attorney general gave defendant notice that unless payment was made by September 24, 1958, legal steps to collect would be taken.

No assessment other than the one on August 1, 1958, appears. A certificate dated October 15, 1958, of the August 1,

1958, assessment was filed October 16, 1958, in the office of the clerk of the district court of Woodbury County.

The original notice of this action was received by the sheriff of Woodbury County at 4 p.m. October 16, 1959. Plaintiff's petition was filed October 22, 1959.

■ ■ I. As its first proposition relied on for reversal defendant says plaintiff's action is barred by section 324.66(4), Code of Iowa:

(1) As to the period ending July 4, 1958, because the action was not timely brought.

(2) As to the period subsequent to July 4, 1958, because no assessment by the State Treasurer was made.

Section 324.66 in its several subsections provides for the procedure when tax payment is in default.

Section 324.66(4) provides:

"No action or other proceeding shall be maintained to enforce collection of any amount of fuel tax, penalty, or interest over and above the amount shown to be due by reports filed by a licensee except upon an assessment by the treasurer as authorized in this chapter or unless brought within one year after the date of the assessment. No assessment shall be made covering any period beyond three years prior to the date of assessment."

Under the plain and clear words of this statute plaintiff's claim is barred.

For the period up to July 4, 1958, an assessment was made (dated) on August 1, 1958. Action to enforce collection of the amount claimed thereunder was not brought until October 1959. More than one year intervened between the date of the assessment and commencement of the action. The statute says "No action or other proceeding shall be maintained to enforce collection * * * *unless brought within one year after the date of assessment.*" (Emphasis supplied.) Action on the assessment was not timely.

For the period subsequent to July 4, 1958, no assessment has been made. That part of the statute applicable thereto says: "No action or other proceeding shall be maintained to enforce

collection *of any amount * * * over and above the amount shown to be due by reports filed * * * except upon an assessment by the treasurer * * *."* (Emphasis supplied.)

The amounts shown to be due by defendant's reports have been paid. This action is to collect a tax over and above the amounts shown to be due by the reports. The foundation required by statute for the maintenance of this action is wholly lacking. The action is barred because the statute so provides.

 Limitations as to method and time for the collection of the tax are self-imposed by the sovereign power of the State. The legislature imposed the tax, provided for the administrative procedure and collection and placed limits thereon. The limits imposed are customary safeguards necessary for the protection of the people against unauthorized procedure and stale claims.

 Defendant held a distributor's license issued by the State but the tax is not a license tax in the sense of a regulatory charge under police power. Neither is it a property tax. It is a revenue measure the same as any other sales- or use-tax law. Plank v. Grimes, 238 Iowa 594, 598, 28 N.W.2d 34. As such it is subject to the special limitations imposed therein.

 Timely assessment and timely suit within the time provided by an imposing statute are prerequisites to tax collection. Bowers, collector, v. New York & Albany Lighterage Co., 273 U. S. 346, 349, 47 S. Ct. 389, 71 L. Ed. 676, 678, 679.

On page 390 of 47 S. Ct. the United States Supreme Court said:

"The purpose of the enactment was to fix a time beyond which steps to enforce collection might not be initiated. The repose intended would not be attained if suits only were barred, leaving the collector free at any time to proceed by distraint."

The court held the limitation applied not only to suit but also to distraint.

The court was interpreting the Federal Income Tax Statute with a five-year limitation. The court said further: "The United States will not be held barred by a general statute of limitation unless, * * * the United States and the claim sought to be en-

forced fairly may be held to be within the terms and purpose of the statute." 47 S. Ct., loc. cit. 390.

In the case before us it should be noted that the limitation is not a part of a general statute of limitations but is a part of the special tax imposing statute.

Plaintiff refers to the many letters to defendant about the claim and the defendant's knowledge thereof but we find nothing whereby defendant ever admitted liability for the tax. We know of no law or authority holding that knowledge of a claim by the claimed debtor or letters demanding payment toll a limitation statute such as we have here.

Plaintiff argues that its action is not for an amount "over and above the amount shown to be due by reports" for the reason that defendant improperly deducted gallonage shown to be exported. The premise is unsound and the conclusion sought by plaintiff does not follow. The reports showed the facts with supporting data. The tax was computed by defendant, the amount due was shown and paid. The State's claim is clearly for amounts over and above what is *shown to be due* by defendant's reports. It is within the wording of the statute.

Where a report computes the amount due but is not accompanied by a remittance no assessment is required. Such is not the case here.

This is not a case of laches nor a general statute of limitations. Defendant admits that neither would avail against the sovereign State. What we have here is a special limitation imposed by the State against itself.

Section 324.77, Code of Iowa, provides that the special remedies provided to collect the excise tax shall not be construed as depriving the State of any other remedy it might have either at law or in equity. This statute does not aid plaintiff here because section 324.66(4) seems to be all-inclusive. It says "No action or other proceeding shall be maintained * * *." Whether plaintiff proceeds at law, in equity or by distraint it is attempting collection and is subject to the limitation statute. See Bowers, collector, v. New York & Albany Lighterage Co., supra.

Plaintiff cites and quotes from State v. Hawkeye Oil Co., Inc., 253 Iowa 148, 110 N.W.2d 641. That case held that hear-

ings before the treasurer as authorized by section 324.68, Code of Iowa, were not a prerequisite to maintenance of an action to collect. Loc. cit. 152. In the cited case assessments had been made. Hearings and assessments are not the same thing. Nothing in the cited case holds or leads to the conclusion that an action may be maintained in the absence of an assessment.

The arguments in behalf of the State are ingenious and resourceful but they cannot escape the plain wording of the statute.

Because of our conclusion that this action cannot be maintained we need not determine the other issues presented. Nothing herein is any intimation that plaintiff could have prevailed in any event.

The case is reversed and remanded with instructions to dismiss the action.—Reversed.

All JUSTICES concur.